FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE LYNN CARBY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVITA DIALYSIS and DAVITA HEALTHCARE PARTNERS,<br><br>    Defendants. | NO. 4:20-CV-05059-SAB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** |

   Before the Court is Plaintiff's *pro se* Complaint, ECF No. 1. Plaintiff alleges that she was retaliated against and discriminated against by Defendants, her former employers, for needing to take time off from work under the Family Medical Leave Act to care for her disabled daughter. Her motion to proceed *in forma pauperis* was granted on April 14, 2020. ECF No. 3.

   When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and must dismiss the action at any time if it determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2).

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;
DENYING MOTION TO DISMISS AS PREMATURE** * 1

Liberally construing the Complaint, Plaintiff alleges three general claims: that she was discriminated against because of her daughter's disability, that she was discriminated against because of her own disability, and that she was retaliated against for seeking accommodations under the Family Medical Leave Act. First, she alleges that her daughter was in a car accident in April 2018 and is now disabled and requires extra care. Plaintiff told her employers and submitted FMLA documents indicating that she needed a reduced workload. Plaintiff alleges that Defendants did not adjust Plaintiff's workload to reflect the reduced hours she was working. Second, Plaintiff alleges that the stress of not having her request accommodated led her to suffer an injury on November 30, 2018, and that she was placed on a "final warning." At that point, Plaintiff submitted the need for a personal accommodation under the FMLA and the Americans with Disabilities Act. On March 15, 2019, Plaintiff again requested a reduced workload to reflect the hours she was working. That same day, Plaintiff was denied a raise and told that her accommodation of a reduced workload would not be granted. Plaintiff was ultimately terminated from her job with Defendants on May 20, 2019. Defendants said her termination was due to poor performance. On January 13, 2020, Plaintiff received a Right to Sue letter from the Equal Employment Opportunity Commission.

The ADA provides that is unlawful to discriminate against individuals in the course of employment on the basis of their disability. 42 U.S.C. § 12112(a). The ADA covers both discrimination against a person based on their own disability and discrimination against a person based on their relationship with a person with a known disability. 42 U.S.C. § 12112(b). For a claim based on one's own disability, the plaintiff must make a prima facie showing that (1) she is disabled; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by someone not in the protected class. *McConnel Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** \* 2

Insofar as Plaintiff alleges that she herself became disabled during the course of her employment, the Court finds that insufficient facts have been provided to show that Defendants discriminated against her. Plaintiff alleges that Defendants did not give her a reasonable accommodation of a reduced workload, that she was denied a raise, and that she was ultimately fired. However, Plaintiff does not provide sufficient facts from which the Court could conclude that Defendants violated the ADA. Thus, Plaintiff is given leave to amend her ADA claims as to her own disability.

A claim for associational discrimination under the ADA is analyzed through a modified *McConnel Douglas* approach. *Bukiri v. Lynch*, No. SACV 15-894-JLS (DFMx), 2015 WL 13358192 at *3 (C.D. Cal. Sept. 9, 2015) (citing *Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 336-37 (7th Cir. 2012)). A prima facie case requires the following elements: (1) the plaintiff was subject to an adverse employment action; (2) she was qualified for the job at that time; (3) her employer knew at the time that she had a relative with a disability; and (4) the adverse employment action occurred under circumstances that raised a reasonable inference that the disability of the relative was a determining factor in the employer's decision. *Id.* (citing *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001)). If a plaintiff establishes a prima facie case and the defendant then articulates a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to show that this reason was a pretext for unlawful associational discrimination.

Plaintiff also alleges that she was discriminated against because Defendants failed to reduce her workload in light of her reduced hours in order to take care of her disabled daughter. The Court construes this claim as alleging Defendants failed to provide a reasonable accommodation on the basis of Plaintiff's daughter's disability. Although the ADA requires reasonable accommodations for one's own disabilities, it does not require employers to provide a reasonable accommodation

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** * 3

because a person has a relationship with someone who does have a disability. *See* 29 C.F.R. § 1630.8, Appendix (""[A]n employer need not provide ... [an] employee without a disability with a reasonable accommodation because that duty only applies to qualified ... employees with disabilities. Thus, for example, an employee would not be entitled to a modified work schedule as an accommodation to enable the employee to care for a spouse with a disability."). Thus, insofar as Plaintiff alleges she was discriminated and retaliated against on the basis of her daughter's disability rather than her own disability by failure to give her a reasonable accommodation, her claims fail as a matter of law. However, the Court gives Plaintiff leave to amend her Complaint so as to state a claim for associational discrimination under the ADA if she chooses.

The Court also notes that Plaintiff alleges in her Complaint that her initial requests for reduced workload were filed under the Family Medical Leave Act, and that both of those requests were denied. Liberally construing the Complaint, the Court next considers whether Plaintiff has stated a claim under the FMLA.

The FMLA provides that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period to, inter alia, care for a spouse, child, or parent if they have a serious health condition. 29 U.S.C. § 2612(a)(1)(C). It is unlawful for an employer to interfere with, restrain, or deny the exercise of an employee's right to take FMLA leave. 29 U.S.C. § 2615(a)(1); *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1133 (9th Cir. 2003) (any violation of the FMLA itself or implementing regulations constitutes interference with an employee's rights under the FMLA). Indeed, the regulations specify that employers cannot use the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c). The FMLA creates "two interrelated, substantive employee rights: first, the employee has a right to use a certain amount of leave for protected reasons, and, second, the employee has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112,

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** \* 4

1122 (9th Cir. 2001); *see also* 29 C.F.R. § 825.14. Unlike a discrimination or retaliation claim, a FMLA interference claim is not susceptible to a burden-shifting analysis. *Bachelder*, 259 F.3d at 1125. Instead, the employer must establish that he had a legitimate reason to deny the employee reinstatement by firing her. *Sanders v. City of Newport*, 657 F.3d 772, 780 (9th Cir. 2011).

Liberally construing Plaintiff's Complaint, the Court could interpret the Complaint to be raising a claim that Defendants interfered with Plaintiff's right to take FMLA leave in order to first care for her daughter, and later to care for herself. However, more facts are needed in order to state a claim and survive § 1915(e) review. Accordingly, the Court gives Plaintiff leave to amend this claim as well.

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Lopez*, 203 F.3d at 1130. Accordingly, Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief. Furthermore, Plaintiff shall set forth her factual allegations in separate numbered paragraphs.

This amended complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present her complaint on the form provided by the court as required by LR 10.1(i), Local Rules for the Eastern District of Washington. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and cause number** No. 4:20-CV-05059-SAB **must be written in the caption.**

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** \* 5

Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on each named Defendant.

Finally, the Court notes that Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendants argue that the Court should dismiss this action because they were not served within 90 days of filing pursuant to Rule 4(m). However, the Court finds that this Motion is premature and is therefore denied. Pursuant to 28 U.S.C. §1915(d), the Court is responsible for issuing and serving process in cases brought by *pro se* plaintiffs after initially screening the complaint. Defendants filed their motion before the Court had screened the Complaint or issued and directed service of process. Thus, the motion to dismiss for failure to be served is premature and denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, ECF No. 1 is **dismissed with leave to amend.**

2. Within **60 days** from the date of this Order, Plaintiff shall file an Amended Complaint. If Plaintiff fails to comply with this order, the action will be dismissed.

3. Defendants' Rule 12(b)(5) Motion to Dismiss, ECF No. 4, is **DENIED** as premature.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to Plaintiff and counsel.

**DATED** this 22nd day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; DENYING MOTION TO DISMISS AS PREMATURE** * 6